UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61351-CV-DIMITROULEAS
MAGISTRATE JUDGE REID

FELIX CASTRO,

    Plaintiff

v.

DEPUTY STEPHONSON,
et al.,

    Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.  Introduction

This Cause comes before the Court upon the *pro se* Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff raises excessive force claims against several detention deputies employed by the Broward County Sheriff's Office for an incident that occurred while in their custody. [*Id.*]. Plaintiff is a pre-trial detainee currently housed at Broward County Main Jail. The Court granted Plaintiff's request to proceed *in forma pauperis* and established a debt in the amount of $350.00. [ECF Nos. 6, 7].

The case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding

dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); and S.D. Fla. Admin. Order 2019-2.

For the reasons stated herein, the Undersigned recommends that this matter PROCEED against all defendants.

## II.     Standard of Review

Under either 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney,* 693 F. App'x 784, 785 (11th Cir. 2017) (*per curiam*), cert. denied*, Maps v. Fernandez-Rundle*, 138 S. Ct. 450 (2017). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda*, 740 F. App'x at 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*). Although a *pro se* pleading is

liberally construed, it must still "suggest that there is some factual support for a claim." *Id*.

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless, have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*) (quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### III. Facts Set Forth in the Complaint [ECF No. 1]

Plaintiff brings this § 1983 action against the following four defendants, in their individual capacities: Deputy Stephonson, Deputy Buggs, Deputy Font, and Deputy Peires.

In the early morning hours of October 4, 2019, the detention deputies escorted Plaintiff to an area between the main jail facility and the courthouse "known as the bridge." [ECF No. 1 at 2]. This area contains holding cells for inmates where they remain until they are called for their court hearings or trials. [*Id.*]. After several hours, Plaintiff asked an unnamed deputy for permission to use another restroom rather than the one in his cell because the cell was crowded with other detainees. [*Id.*]. The deputy gave him permission, but when Plaintiff saw the other restroom was unsanitary, he changed his mind and walked out of the cell. [*Id.* at 2-3]. On his way back to his holding cell, Defendant Stephonson confronted him. [*Id.* at 3].

Plaintiff maintains that English is not his first language; therefore, he could not understand the commands given to him by the officer. [*Id.*]. Plaintiff thought that Stephonson was telling him to go to his cell, so Plaintiff started to walk there. [*Id.*].

According to Plaintiff, Stephonson grabbed him by his shirt collar and dragged him down the hall and around a corner. [*Id.*]. Plaintiff alleges that he tried to tell Stephonson he was choking him but Stephonson became angry and slammed Plaintiff onto his back, causing pain. [*Id.*]. While still on the floor, Stephonson placed his knee into Plaintiff's stomach, grabbed him by the throat, and screamed in his face. [*Id.*]. At this point, the other deputies, Defendants Buggs, Font and Peires, came to the area. [*Id.*]. Stephonson then lifted Plaintiff off the ground by his neck and collar; and another deputy handcuffed him. [*Id.*]. Stephonson again grabbed Plaintiff by the collar causing Plaintiff to choke; and he dragged Plaintiff back around the corner to an empty holding cell. [*Id.* at 4]. Once in the cell, Stephonson pushed Plaintiff onto a bench causing his back to hit the wall, grabbed him by the hair, and repeatedly struck Plaintiff on the side of his face and temple. [*Id.*]. According to Plaintiff, the other deputies surrounded him, encouraged Stephonson, and intimidated Plaintiff by daring him to fight back. [*Id.*]. Stephonson then repeatedly punched Plaintiff's right eye several times. [*Id.*].

When the beating ended, two of the deputies grabbed Plaintiff by the arms and lifted him so that Defendant Font could remove the handcuffs. [*Id.*]. Once the

handcuffs were removed, Plaintiff stumbled to another bench; and Font, in Spanish, ordered him to sit down. [*Id*.].

Plaintiff was bleeding and Stephonson, again, came over to Plaintiff and punched him in the right eye and screamed at him. [*Id*. at 4-5]. Then, all the defendants left Plaintiff alone in the cell. Plaintiff asserts that he was bleeding from his nose, ears, and mouth and that he spat out pieces of his broken teeth. [*Id*. at 5]. Plaintiff claims that he yelled out and kicked at the door to get medical attention, but no one came to assist him. [*Id*.]. Stephonson, eventually, appeared; and when Plaintiff told Stephonson he would report the beating, Stephonson said he "did not give a f---." Font came to the cell, opened it, cuffed Plaintiff's hands in front of him, and took pictures of Plaintiff with his cell phone. [*Id*.]. Then, Font put Plaintiff back in the cell while still cuffed. [*Id*.].

Later, "an unknown deputy" took Plaintiff out of the cell and escorted him to the infirmary at the main jail. [*Id*.]. A nurse cleaned the blood from Plaintiff's face and informed him that he would be scheduled to see a doctor. [*Id*. at 6]. Plaintiff was then returned to his housing unit. [*Id*.].

Plaintiff maintains that it was obvious when he looked in the mirror that he had "multiple wounds" to his face and "his left eyeball was crooked and lazy." [*Id*.]. The next day, he noticed his vision and the pain were worse. [*Id*.]. Vision out of his left eye was "blurry," and when closed, he could "see small white bright looking

6

spots and shadows." [*Id*.]. He also became depressed and began to hear voices. [*Id*.]. Plaintiff claims that for weeks he informed various nurses that he needed to see a doctor. [*Id*.]. A month later, he had a fellow inmate write a "sick call" request because he could not read or write in English. [*Id*.]. "Within a week or two," he was seen by a doctor and prescribed Lexapro, Abilify, ibuprofen, and muscle relaxants. [*Id*. at 6-7].

Plaintiff claims that his defense attorney has copies of the cellphone photographs taken by Deputy Font. [*Id*. at 7]. He also claims that the abuse incident was recorded on videotape. [*Id*.]. According to Plaintiff, Michael Masold, another inmate, witnessed the incident. Plaintiff claims he filed grievances against the defendants. [*Id*.].

Plaintiff sues Stephonson for excessive force and the remaining defendants for their roles in encouraging the assault. [*Id*. at 8]. Plaintiff alleges he has endured pain, suffering, physical injuries, and emotional distress as a result of the incident. [*Id*. at 9]. Plaintiff seeks $300,000 in compensatory damages and $500,000 in punitive damages against each defendant. [*Id*.].

### IV.   Discussion – Identifying Plaintiff's Claims

   A. *Excessive Force and Battery Claims Against Defendant Stephonson*

1. <u>Excessive Force Claim in Violation of the Eighth Amendment.</u>

Whenever prison officials stand accused of using excessive physical force constituting "the unnecessary and wanton infliction of pain," the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Applying this standard, courts consider: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted upon the prisoner"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (*per curiam*) (citations omitted).

Plaintiff has sued Defendant Stephonson in his individual capacity alleging excessive force; and his allegations, must be accepted as true at this stage of the proceedings.

Eighth Amendment claims based on *de minimus* uses of physical force, however, are not cognizable unless they involve force that is "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Moreover, although a lack of injury "is not conclusive about the presence or absence of constitutional violation [,] a lack of serious injury can illustrate how much force was actually used." *Walker v. City of Orlando*, 368 F. App'x 955, 956 n.1 (11th Cir.

2010) (internal citation omitted); *see also Stephens v. Broward Sheriff's Office*, 2014 WL 7779275, at *6 (S.D. Fla. 2014) (considering injury to the extent that it "inform[s] the Court as to the force used by the defendant during the course of the encounter."). While nominal damages may be appropriate in the absence of physical injury, that still requires the "violation of a fundamental constitutional right." *Hughes v. Lott*, 350 1157, 1162 (11th Cir. 2003).

Thus, a prisoner "who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (citing *Hudson* at 9). Such an encounter involving only *de minimus* force is "insufficient, as a matter of law, to state a constitutional violation." *Bryan v. Spillman*, 217 F. App'x 882, 886 (11th Cir. 2007). Not "every malevolent touch . . . gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.

Here, however, Plaintiff has sufficiently established more than *de minimus* force for the October 4, 2019, incident where Stephonson allegedly beat him. Accordingly, Plaintiff's federal claims against Defendant Stephonson for use of excessive force should PROCEED.

   2. <u>State Tort Claims for Assault and Battery Against Defendant Stephonson</u>

The Eleventh Circuit recently outlined the state tort claims of assault and battery as occurring within the context of a Section 1983 action:

9

> an assault is "an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril." *Sullivan v. Atl. Fed. Sav. & Loan Ass'n*, 454 So. 2d 52, 54 (Fla. Dist. Ct. App. 1984). A battery is "the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent." *Quilling v. Price*, 894 So. 2d 1061, 1063 (Fla. Dist. Ct. App. 2005). To determine whether an officer's actions are an assault and battery, courts inquire whether the officer's use of force was reasonable. *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. Dist. Ct. App. 1996) (applying the reasonableness standard to battery); *City of Fort Pierce v. Cooper*, 190 So. 2d 12, 14 (Fla. Dist. Ct. App. 1966) (applying the reasonableness standard to assault).

*Pena v. Marcus*, 715 F. App'x 981, 988 (11th Cir. 2017).

Only where a plaintiff's allegations are sufficient to state a claim under § 1983 for excessive force are they are also sufficient to state the parallel claim of battery under Florida law. *Detris v. Coats*, 523 F. App'x 612 (11th Cir. 2013) (citing *City of Miami v. Sanders*, 672 So. 2d at 47 (holding in analogous context that "[i]f excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery").

As narrated above, Stephonson's actions, as alleged by Plaintiff are unreasonable and sufficiently present a claim of excessive use of force under § 1983. Therefore, it follows that Plaintiff sufficiently alleges the state tort claims of assault and battery against Stephonson should PROCEED.

### *B. Deliberate Indifference to a Serious Medical Need*

A delay or denial of access to medical care which results in physical or mental injury to an incarcerated individual constitutes a violation of constitutional rights. *Estelle v. Gamble*, 429 U.S. at 104-05. To state such a claim, a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). The medical need must be "one that, if left unattended, pos[es] a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations and internal quotation marks omitted).

Here, Plaintiff alleges that he suffered a severe beating by Stephonson that left him with serious injuries to his eye, broken teeth, as well as other physical injuries. Nonetheless, as narrated above, all Defendants – whether they participated in the assault or not – were aware of Plaintiff's injuries but, still, left Plaintiff in the cell alone for an indeterminate period of time without access to medical attention and, at least, for a period of time, ignored his cries for medical care. Accordingly, the claims for deliberate indifference to a serious medical need should PROCEED against all Defendants.

To the extent that Plaintiff attempts to attach liability to any of the medical personnel for their delays in treating his injuries, Plaintiff names no other defendants

11

in this case. While this Court is not unsympathetic to Plaintiff's allegations, the Court is unable to rewrite Plaintiff's complaint "to include claims" or name defendants he did not present. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

### *C. Failure to Protect Claims against Defendants Buggs, Font, and Peires*

For a prison or jail official to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Hudson v. McMillian*, 503 U.S. 1 (1992). Thus, for a claim based on an alleged failure to prevent harm, an inmate must show that he is or was incarcerated under conditions that pose a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. at 303. Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," *Farmer v. Brennan,* 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, *Davidson v. Cannon*, 474 U.S. 344 (1976); *Estelle*, 429 U.S. at 104; *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety. *Whitley v. Albers*, 475 U.S. 312 (1986).

Thus, in order to state a claim of cruel and unusual punishment, the courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison officials. *Davidson v. Cannon, supra*; *Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990); *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982). Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under § 1983. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Estelle v. Gamble*, 429 U.S. at 106; *Byrd v. Clark*, 783 F.2d 1002, 1006 (11th Cir. 1986); *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985); *Williams v. Bennett*, 689 F.2d at 1380.

The Supreme Court emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold . . . that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837; *see also, LaMarca v. Turner*, 995 F.2d 1535, 1536 (11th Cir. 1993).

Thus, there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. *See Zatler v. Wainwright*, 802 F.2d at 401. *See also LaMarca v. Turner*, 995 F.2d at 1536. The defendant prison official must, however, ignore a substantial risk of serious harm to the inmate.

Here, as narrated above, Plaintiff alleges that, during the incident, there were at least three additional officers present and surrounding him who did not intervene or attempt to stop Stephonson. Rather, they encouraged the beating and taunted Plaintiff by the telling him he should fight back. Plaintiff's account indicates that the three officers did nothing to assist him during the time of the beating.

Accordingly, the claims against Defendants Buggs, Font and Peires for failure to protect should PROCEED.

*D. Mental and Emotional Injuries*

Title 42 U.S.C. § 1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

The Eleventh Circuit has determined that the phrase "federal civil actions" means all federal claims, including constitutional claims. *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2000) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*).

To satisfy § 1997e(e), a prisoner must allege physical injury that is more than *de minimus*, but the injury need not be significant. *See Harris v. Garner*, 190 F.3d 1279, 1282, 1286-87 (11th Cir. 1999) *reh'g en banc granted, vacated*, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F.3d 970 (11th Cir. 2000) (*en banc*). Section § 1997e(e) is an affirmative defense but comes within the purview of the district court's screening under the PLRA where the allegations of the complaint show that it would bar recovery. *See Douglas v. Yates*, 535 F.3d 1316, 1320-21 (11th Cir. 2008); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007).

The Eleventh Circuit has not adopted a definition of *de minimus*. *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 557 n.3 (11th Cir. 2014); *see also Chatham v. Adcock*, 334 F. App'x 281, 284 (11th Cir. 2009) ("The meaning of the phrase 'greater than *de minimus*,'... is far from clear"). The Court noted, however, that it has been described as "'an observable or diagnosable medical condition requiring treatment by a medical care professional.'" *Id*. (*citing Luong v. Hatt*, 979 F.Supp. 481 (N.D. Tex. 1997).

Here, Plaintiff alleges serious physical injuries (head trauma, back injury, contusions, and eye injuries) resulting from alleged constitutional violations that are more than *de minimus*. As such, Plaintiff's claims for any mental or emotional injuries allegedly resulting from the incident attributable to Defendants should PROCEED.

### E. Punitive Damages Claim

Plaintiff also seeks punitive damages against Defendants. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, . . . its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v.*

*American Dental Ass'n*, 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Smith*, 461 U.S. at 45-48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley*, 62 U.S. 202, 214 (1858).

Plaintiff has sufficiently stated a claim that during this incident, all Defendants acted at least with recklessness or criminal indifference to Plaintiff's federally protected rights. Accordingly, the punitive damages claim against Defendants should PROCEED.

## V. Recommendation

As to Plaintiff's claims, as alleged in his Complaint [ECF No. 1], it is recommended that the matter PROCEED, as follows:

1. The claim against Defendant Stephonson, in his individual capacity, for the unlawful use of force for the incident alleged on October 4, 2019, should PROCEED.

2. The state tort claims against Defendant Stephonson, in his individual capacity, for assault and battery, should PROCEED.

3. The claims against Defendants Buggs, Font and Peires for failure to protect should PROCEED.

4. The claims against Defendants Stephonson, Buggs, Font, and Peires for deliberate indifference to a serious medical need should PROCEED.

5. The claims against Defendants Stephonson, Buggs, Font and Peires for mental and emotional injuries should PROCEED.

17

6. The claims against Defendants Stephonson, Buggs, Font and Peires for punitive damages should PROCEED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 29th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Felix Castro
      571-904-160
      Broward County Main Jail
      Inmate Mail/Parcels
      Post Office Box 9356
      Fort Lauderdale, FL 33310
      PRO SE